## MITCHELL *v.* THE WISCOTTA LAND COMPANY.

| Iowa | |
| --- | --- |
| 3 | 209 |
| 138 | 149 |

A defendant waives his demurrer to the petition, by pleading over, and going to trial.

The fact that a party accepted a house erected upon his own land, will not preclude him in an action to recover the contract price of the work, from showing that it was done in an unworkmanlike manner, and from setting off his damages arising from the defect, against the plaintiff's claim for the price of the work.

And where in an action to recover for building a house, the court instructed

the jury, "that if defendants, or any of them, were at or about the house during the construction thereof, and giving instructions in relation thereto, and they made no objection during that time to the manner of construction, they cannot after the house is completed, and after they have received it, make any objection:" *Held*, That the instruction was erroneous.

*Appeal from the Polk District Court.*

This is a suit to recover an amount claimed to be due to plaintiff on a written contract, for the erection of a building for defendants. The contract in writing, is set forth in the petition. The answer denies any indebtedness, and denies that plaintiff has performed his part of the contract. And claims to set off against any amount that may be due plaintiff, damages alleged to have been sustained by defendant, by reason of the failure of plaintiff to perform his part of the contract, and by reason of the unworkmanlike manner in which the work is done. To this answer, there was a replication by plaintiff, to which defendant rejoined, and issue was thereon joined. Defendants, during the trial, excepted to certain instructions given to the jury, at request of plaintiff. There was a verdict for the plaintiff, for $239.96; motion for new trial overruled, and judgment on the verdict; from which defendants appeal.

*T. Elwood*, for the appellant.

*J. C. Knapp*, for the appellee.

Stockton, J.—The defendants' first assignment of errors is, that the court overruled the defendants' demurrer to plaintiff's petition. To this, it is answered that defendants waived their demurrer, by pleading over and going to trial. It is next assigned by the defendants, that the court erred in charging the jury, on motion of the plaintiff, "That if defendants, or any of them, were at or about the house, during the construction thereof, and giving instructions in relation thereto, and they made no objection during that time, to the manner of construction, they cannot after the house is completed, and after they have received it, make any objection."

Mitchell v. The Wiscotta Land Company.

There was also another instruction, amounting to the same in effect as the foregoing, which was also given by the court, and exception thereto taken by defendants.

We think that these instructions are erroneous.   The fact that the defendants were present, during the progress of the erection of the house, giving directions concerning the same, without making objections to the manner in which the work was done ; and the further fact, that they received the house when finished, without objection, are certainly proper to be given in evidence to the jury for what they are worth, to rebut the defendants' claim for damages, for the defective execution of the work.   The house erected by plaintiff, being upon the defendants' land, they could not do otherwise than accept it; and the fact of the acceptance, without objection, will not preclude them, in a suit to recover the contract price of the work, from showing that it was done in an unworkmanlike manner.   The defects of the work may not have developed themselves at the time of the acceptance. The house may to all outward appearance, be well built, when in reality the work is radically defective.   In such case, it would be exceedingly unjust, to hold that the defendants are precluded by such acceptance, from showing that the work was improperly or defectively executed, and from setting off his damages arising from the defect, against the plaintiff's claim for the price of the work.   For these reasons, we think the instructions above referred to, were erroneous, and the judgment of the District Court should be reversed, and a new trial awarded.

Judgment reversed.