JUDGE PRYOR
delivered the opinion op the court.
The appellees, White & Son, entered into an agreement in writing with the appellants, Escott & Son, by which they undertook to remodel a building in the city of Louisville, owned by the latter, according to the plan and specifications made by the architect, Andrewartha. The price to be paid was four thousand eight hundred and fifty dollars, all of the money to be paid as the work progressed except twenty-five per cent of the amount, and this was to be retained by the appellants for one month after the inspection and acceptance of the work by the architect, with the right of the appellants to apply the same to the payment of any damages that the employers might sustain by reason of the failure of the appellees to comply with their contract. It was further stipulated “that in no event will any work be considered extra under this contract unless the same shall be ordered in writing by the proprietor, *171 indorsed by the architect, and the amount added to this contract in writing.”
If the work was delayed, the architect, who was to superintend the work, had the right to employ others to complete it, and deduct the costs from the contract price.
Other clauses are contained in the agreement not necessary to be recited in determining the rights of the parties.
White & Son instituted this action on the agreement in the common pleas court, alleging the performance of the contract on their part, the acceptance of the work by the appellants, and their failure to pay the contract price, having paid them only the sum of $4,092.50. They further allege that at the instance and request of the defendants (appellants) they performed extra work of the value of $-, leaving due the plaintiffs on the original contract and for the extra work the sum of fifteen hundred dollars, for which they ask á judgment.
The appellants file an answer and counter-claim to the petition, denying the completion of the work by the appellees, its acceptance by them, and claiming-damages of the latter by reason of the delay in the work, the defective materials used, as well as the inferior manner of its execution; also damages by reason of having to employ others to complete the building. They deny the extra work, or that any writing was given authorizing it to be done.
The allegations of this counter-claim are denied by the reply.
The case was transferred by consent to the Louisvilie Chancery Court, and a judgment rendered in favor of the appellees, of which Escott & Son now complain.
The evidence in the case shows a failure on the part of the appellees to comply with their contract in not completing the building; or if, as insisted by the appellees, the building was completed, their own testimony shows that the work was *172 not executed in the manner required by the terms of the contract.
The chancellor, in his opinion rendered, allows the damages sustained by the failure of the appellees to comply by applying them as a set-off to the claim for extra work. Whether or not this is an equitable adjustment of the claims of these parties is not proper for this court to determine, as the case must go back for further preparation or a dismissal of appellees’ action.
It is conceded by counsel on each side, in argument, that the action is based upon the contract between the parties; and although it has found its way into a court of equity, it is only a common-law action, containing no allegation of fraud or mistake or prayer for rescission that would enable the chancellor to grant any other relief than as a common-law judge.
It is a well-recognized principle, and too well understood to be discussed, that where a party by the terms of the contract must perform a condition precedent before he is entitled to his money or the consideration for its performance, he can maintain no action on the contract without alleging in his petition, and establishing by proof, if denied, a full performance on his part. “The omission of the averment of performance of a condition precedent, or of an excuse for non-performance, is fatal on demurrer, or in case of judgment by default.” (1 Chitty’s Pleading, 327.)
By section 149 of the Civil Code it is provided that “ in pleading the performance of a condition precedent in a contract it shall not be necessary to state the facts showing such performance; but it may be stated generally that the party duly performed all the conditions on his part,” etc. The petition in this regard presents a good cause of action, but the evidence shows that this allegation of performance is untrue. The balance of the money due on the contract — that is, the twenty-five *173 per cent for which this action was instituted — was not to be paid until one month after the completion of the work or its acceptance by the architect, and it is immaterial whether the building was left by the appellees in an unfinished condition or was completed, but not in the manner required, as in either case no recovery can be had by the appellees in an action on the contract. The fact that the appellants took possession of the building can not be considered as an acceptance of the work. The building was owned by them and upon their premises, and they could not be required to abandon it altogether so as to enable them to maintain an action for damages. They had no alternative but to take possession as they did, protesting all the while that appellees had failed to comply with their agreement.
If the work has been done, but is defectively executed, the party performing it may recover on a quantum meruit, as has been often decided, and by this court in the cases of Morford v. Ambrose (3 J. J. Marsh.) and Morford v. Mastin (6 Mon.) Such a recovery is permitted by reason of the hardship resulting to the employee or laborer in withholding from him any compensation whatever for his work and labor when by reason of his failure to perform the stipulations of his contract he can maintain no action upon it; and while a recovery on a quantum meruit is permitted, the amount claimed may be lessened by reason of the damages the employer has sustained by the breach of the covenant. It is true the condition precedent has not been complied with by the appellees, and that ordinarily a quantum meruit will not lie in such a case, still we are well satisfied under the facts here presented it may be maintained. If the work was yet incomplete, the appellees could have no remedy until they complied with their agreement; but by the express stipulations of the contract the appellants had the right through the architect to elnploy others to complete- the work in the event of a failure to do so. by the appellees. Other *174 parties were employed to finish the building, and did complete it, for which the appellants are now claiming damages on their counter-claim, as well as for the defective execution of the work by the appellees.
The latter can not now comply with the contract, as it has been performed or the work finished by some one else; and it would be a harsh as well as unjust rule that would deny the appellees any compensation whatever for their work and material when it is impossible for them to comply with the condition precedent in completing the work for the reason thát it has already been done by some one else. So the parties occupy the same position as if they had completed the building, but not in a workmanlike manner.
It is maintained by counsel for the appellants that no recovery can be had for the extra work, as it was not authorized in writing by the owner and indorsed by the architect, as required by the agreement between the parties. It is manifest from the evidence that some extra work was done at the instance of both the appellants and the architect, and we see no reason why the appellants should not account for it. This stipulation in the writing could have been waived or abandoned by parol, and when extra work has been done in a case like this at the special instance of the owner or his architect, and from which a benefit is derived, the party' at whose instance and for whose protection the clause was evidently inserted should not be allowed to say “that although I.ordered the work, and am now enjoying the benefits resulting from it, still I am not responsible, because there was no authority in writing directing its execution.”
The appellants and architect both knew the stipulations of the agreement on this subject, and when they both departed from the terms and regulations by which the parties to it were to be governed by ordering the extra work to be done it must, when such work has been actually done and performed, be *175 regarded as an independent contract, for which a recovery may be had.
There was no demurrer to the count on the contract for extra work, general or special; and although it was necessary to enable the appellees to recover for this extra work to have alleged an independent agreement in order to avoid the stipulations of the covenant, still after verdict this omission is aided by the common-law intendment, and particularly in a case like this, where the facts established sustain the cause of action.
As to the value of the extra work this court can place no estimate, and can only say that many items in appellees’ claim are not sustained by the proof.
We can not adjudge that the decision of the architect is to determine the rights of these parties unless it clearly appeared that he was the agent of both. The proof shows that he was employed by the appellants, and in his deposition, to use his own language, he recognizes them as Ms clients.
The parties (appellees), upon the return of the cause, should be allowed to amend their petition as herein indicated, upon the payment of costs up to this point; and upon their failure to do so the petition should be dismissed. The appellants should be awarded a new trial, and the question of damages on the counter-claim considered.
The judgment of the court below is reversed, and cause remanded for further proceedings consistent with this opinion.