WILLIAM C. BOTELER, Appellant, v. WILLIAM R. ROY, Respondent.

Kansas City Court of Appeals, March 31, 1890.

1. **Practice, Trial:** OBJECTION TO JURY ARRAY. The objection that the prevailing party in an action was a member of the county court that selected the regular panel, from which the jury in the cause was drawn in the trial, should be presented by challenge to the array before trial, and comes too late after the verdict, though the complaining party had no knowledge of the fact till after the verdict, unless it is known that substantial injustice had been done.

2. **Building Contract:** SUBSTANTIAL PERFORMANCE: TRIVIAL DEFECTS: INSTRUCTIONS. In an action by the owner against the contractor for breach of contract for building a house it is *error* to instruct the jury that if defendant had substantially performed his contract according to the plans and specifications that plaintiff could not recover, even though these were trivial defects.

3. ———: ACCEPTANCE: POSSESSION: INSTRUCTION. The fact of the owner's going into possession of the building cannot be taken by the jury as an acceptance of the work as done in compliance with the contract, but may be considered in connection with all the facts and circumstances shown in the case.

4. ———: SPECIFICATIONS: CONSTRUCTION: COMPLETION. The contract required the work to be done "without unnecessary delay as soon as ordered;" the specifications (made a part of the contract) recited: "The building will be completed * * * within three months from the date of the contract." The defendant only contracted to do the carpenter work. *Held*, the contract controlled the specifications and did not require the defendant's work to be finished within three months.

5. ————: ARCHITECT'S CERTIFICATE AND EVIDENCE. Though the contract makes the architect's certificate conclusive, in the absence of such certificate, his testimony will not be conclusive, but will be received on the same terms with any other witness of equal knowledge and opportunity.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

REVERSED AND REMANDED.

· *B. R. Vineyard* and *Thomas & Dowe,* for the appellant.

· (1) The second instruction asked by appellant asserted correct principles of law as applicable to the facts in this case, and should have been given. The contractor must allow for any damages sustained by reason of his failure to perform his contract. *Lowe v. Sinklear,* 27 Mo. 308; *Lamb v. Brolaski,* 38 Mo. 308; *Yeats v. Ballentine,* 56· Mo. 537. (2) The use and occupation of the building by appellant was not an acceptance thereof. Therefore appellant's eighth instruction should have been given as asked· by appellant without modification. *Eberly v. Curtis,* 5 Mo. App. 596; *Haysler v. Owen,* 61 Mo. 274; *Yeats v. Ballentine,* 56 Mo. 538; Lloyd's Law of Building and Buildings [1 Ed.] chap. 4, p. 52, sec. 30. The instruction as asked was not objectionable on the ground that it singled out a particular fact, or was a comment on the evidence. *Chouteau v. Iron Works,* 83 Mo. 73–83. (3) The appellant's ninth instruction should have been given. The specifications provide that the work shall be completed within three months from the date of the contract, and the contractor is as firmly bound by the terms of the specifications as by the covenants of the contract. Lloyd's Law of Building and Buildings [1 Ed.] chap. 8, p. 87, sec. 54.

(4) Appellant's eighth instruction, as modified and given by the court, was erroneous, and should not have been given. The mere fact that the owner went into possession does not tend to show, and is not admissible for the purpose of showing, that the contractor complied with his contract, and, therefore, should not be considered in determining the question. *Coey v. Lehman*, 79 Ill. 173; *Mitchell v. Land Co.*, 3 Iowa, 209, and authorities cited to point 3; *Miller v. Marks*, 20 Mo. App. 369; *Kaiser v. Ins. Co.*, 7 Mo. App. 579; *Jones v. Jones*, 57 Mo. 138. (5) The owner has a right to require of the contractor a literal performance of the contract, and to recover the damages sustained by reason of any failure to comply with the contract in any particular, however trivial. Hence respondent's tenth instruction was fatally defective, and should not have been given. *Hill v. School Dist.*, 17 Me. 316; *Williams v. Porter*, 51 Mo. 441 and 443; *Eyerman v. Cemetery Ass'n*, 61 Mo. 489 and 491; *Marsh v. Richards*, 29 Mo. 99 and 107; *Glacius v. Black*, 50 N. Y. 153, see also 666; *Heckman v. Pickering*, 81 N. Y. 213 and 214; *Nolan v. Whitney*, 88 N. Y. 648. Damages should be allowed the owner for trivial defects. *Mills v. Weeks*, 21 Ill. 563; *Korf v. Lull*, 70 Ill. 420; *Glacius v. Black*, 67 N. Y. 566; *Johnson v. DePeyster*, 50 N. Y. 666; Lloyd's Law of Building and Buildings [1 Ed.] chap. 4, sec. 26, pp. 35 and 36; *Bridge Co. v. Bridge Co.*, 83 Penn. St. 524; *Smith v. Brady*, 17 N. Y. 173. (6) Although the contract makes the architect's certificate conclusive on the parties, yet, if the contractor fails to procure the certificate, the architect's testimony on the witness stand is entitled to no more weight than that of any other witness of equal credibility, intelligence and means of knowledge. It is not conclusive. *Yeats v. Ballentine*, 56 Mo. 539; *McFadden v. O'Donnell*, 18 Cal. 165; *Oakland Retreat v. Rathbone*, 26 N. W. Rep. 472;

*Dinsmore v. Livingston Co.*, 60 Mo. 244. (7) The court should have sustained the motion for new trial on the ground that the jury had been selected by one of the respondents (Dougherty). The affidavits filed by appellant were uncontradicted, and must be taken as true. No verdict should be permitted to stand when rendered in favor of a party to the suit when the panel is chosen by such party. *Woods v. Rowan*, 5 Johns. 133: *Cowgill v. Worden*, 2 Blackford, 332; *Munshower v. Patton*, 10 S. & R. Pa. 334.

*Jas. C. Davis* and *Vinton Pike*, for the respondent.

(1) The specifications were first prepared, and it is stated therein that the work will be completed within three months from date of contract. The specifications and drawings only became a part of the written agreement between the parties for the purposes stated in said agreement. The contract makes reference to them only for the purpose of description—not to limit the time of performance. The time is limited by the contract itself, wherein defendant was required to build "without unnecessary delay as soon as ordered." (2) Defendant cannot, by an action, be required to do more than he contracted to do. He was to satisfy Eckel & Mann, and the proof shows he did. Mr. Eckel so testified, and the record states that he gave some written evidence or testimonial of the fact. *Wycoff v. Meyers*, 44 N. Y. 145. (3) In *Thomas v. Fleury*, 26 N. Y. 33-4, it is said, "The certificate is mere evidence of the substantial fact of performance," but the fact may be established by other evidence. This was held in a case by the contractor to recover balance due him from the owner. *Smith v. Alker*, 102 N. Y. 87.

ELLISON, J.—This action is by the owner against the contractor for breach of contract for building a house. Defendant Roy was the contractor, and the

other defendants were his sureties for his faithful performance of the contract. There was a judgment for defendant and plaintiff appeals.

I.    Defendant Doughtery was a member of the county court which selected the regular panel from which the jury in·this cause was drawn in the trial court.    Such fact was unknown to plaintiff until after the trial, when he set it up in his motion for a new trial supported by affidavits.    This objection to the jury ought to have been presented by challenge to the array before trial.    After verdict it is too late to object to the manner in which the jury has been returned, or to the officer who returned it.    *Samuels v. State*, 3 Mo. 68; *Vierling v. Stifel*, 15 Mo. App. 125; Thompson and Merriam on Juries.    And this is true notwithstanding the complaining party had no knowledge of the fact till after verdict, unless it is shown that substantial injustice has been done.    *Ib.*

II.    The court instructed the jury that if defendant had *substantially* performed his contract according to the plans and specifications that plaintiff could not recover even though there were trivial defects.    This instruction should not have been given.    The contractor in a building contract need not literally and precisely perform the contract in order to recover thereon. Slight or trivial defects, imperfections or variations will not bar him of his action on the contract, if he has made an honest endeavor to comply and has substantially done so.    But a just allowance for such defects, though they be trivial, must be made to the owner. *Monocacy B. Co. v. Iron Co.*, 83 Pa. St. 517, 524; *Heckman v. Pickering*, 81 N. Y. 213; *Nolan v. Whitney*, 88 N. Y. 648; *Glacius v. Black*, 50 N. Y. 153. A party is entitled to compensation for small or slight injuries as well as those of larger extent.    So, while if this was a suit on the contract by defendant against plaintiff, seeking to recover the contract price of the

Boteler v. Roy.

work on the building, he would not be required to show a literal and exact performance in order to recover, yet he would, if such defense was made, be compelled to allow for whatever deviation there was from the contract, though it was slight. It follows, therefore, that in a suit by the owner against the contractor for damages in failing to perform his contract, substantial performance will not bar the owner's recovery, if there be trivial defects which may be measured by compensation.

In *Nolan v. Whitney, supra,* notwithstanding there was a good-faith substantial compliance with the contract, there were trivial defects in the plastering for which an allowance of two hundred dollars was made. This was held to be proper. In *Johnson v. DePeyster,* 50 N. Y. 666, substantial performance was found, and yet one hundred and fifty dollars was allowed for trivial defects. It may be said of the instruction complained of, as was said by HOUGH, J., in *Haysler v. Owen,* 61 Mo. 274, that it announces the correct rule in a suit by the contractor against the owner when he, the owner, does not seek to recover any special consequential damages by way of recoupment. But here the owner is seeking by direct action to recover such damages and the fact that they arise from trivial defects will not prevent his recovery.

III. Plaintiff's instruction number 8 was modified by the court so as to read, that, " The fact that plaintiff went into possession of the premises described in the petition cannot be taken by the jury as an acceptance of the work done by defendant, as having been done in compliance with the contract, *but may be considered in connection with all the facts and circumstances shown in the case,*" etc. The portion in italics is the modification made by the court, and we think it was properly done. Use and occupation of a building is not an acceptance. *Mohney v. Reed, ante,* p. 99, but we

think it may be considered with other evidence in determining that question. Occupancy and use may be one of the many circumstances in evidence going to show acceptance. *Smith v. Brady* 17 N. Y. 173; *Mitchell v. Land Co.*, 3 Iowa, 209. It is a circumstance not alone sufficient, but which may be connected with other evidence.

IV. In our opinion, the contract, when properly considered, did not require the work to be finished by defendant within three months; but required it to be done "without unnecessary delay as soon as ordered." This latter phrase, which is in the contract proper, under the circumstances of this case, will control the specifications (though they were made a part of the contract) reciting that, "The building will be completed, with all outside work herein specified, within three months from date of contract." Defendant's work as carpenter only had reference to a part of the building; he having no control or concern in the other parts. He could by no act of his control the time of finishing the building. A great part of his work necessarily waited upon other parts of the building and he should only be held to perform his contract without unnecessary delay.

V. The contract in this case makes the architect's certificate conclusive on the parties, but in this case the proper certificate was not given by the architect (see *Roy v. Boteler*, *ante*, p. 213), and in its absence his testimony as a witness will not be conclusive, but will be received on the same terms with that of any other witness with equal knowledge and opportunity. *Dinsmore v. Livingston Co.*, 60 Mo. 241; *Yeats v. Ballentine*, 56 Mo. 530.

The judgment will be reversed and the cause remanded. All concur.