JAMES W. BROWN v. H. G. CURTIS AND BEN U. WOOD Administrator of Estate of JOHN H. WOOD, Deceased, Appellants.

**Merger of Contracts:** COMPENSATION OF ATTORNEY. An attorney made an agreement with his client, whose property was covered by mortgages and in litigation, to represent him, and obtain a loan to pay off the incumbrance, for which services he was to receive one-third of the property saved to the client. Afterwards, the litigation having ended adversely, the attorney, having failed to obtain the loan, purchased the client's equity in the property, giving notes for the same, and agreeing to pay the incumbrances, and that the notes should be the client's absolutely. *Held,* that the first contract was superseded by the second, and hence, in an action on the notes, no credit could be allowed the attorney for services rendered during the litigation.

*Appeal from Cass District Court.—*HON. W. R. GREEN,
Judge.

MONDAY, MAY 21, 1900.

ACTION at law on two promissory notes. Defendants
pleaded payment and certain other defenses and counter-
claims that will be referred to in the body of the opinion.
The case was tried to the court, resulting in a judgment for
plaintiff. Defendants appeal.—*Affirmed.*

*Curtis, Follette & Curtis* and *Willard & Willard* for ap-
pellants.

*De Lano & Meredith* for appellee.

DEEMER, J.—In the year 1890 plaintiff was having
litigation over some mortgages on his land and personal
property, and in September of that year he entered into a
written contract with defendant Curtis, by the terms of
which Curtis was to receive in full for his legal services as
counsel for plaintiff one-third of all the property, real and
personal, that might be saved to plaintiff, and one-third of
the rentals of the land while the litigation was pending. It
was further agreed that Curtis should procure a loan on the
land to pay the existing incumbrances, and redeem it from
execution sales. The litigation ended in the early part of
the year 1893, but Curtis failed to procure the loan as
agreed. In consequence plaintiff was about to lose his prop-
erty, and Curtis compensation for his services. Thereupon
Curtis and one John H. Wood (now deceased) commenced
negotiations with plaintiff looking to the purchase of his
equity or redemption in the lands for the sum of twenty-six
thousand five hundred dollars. Twenty-four thousand dollars
of this sum was to be applied in liquidation of the judgments
and incumbrances against the land, and plaintiff was to be re-

leased from liability to that extent. The contract then pro-
vides as follows: "And the balance, $2,500, is to be paid
over to the said Brown in two promissory notes, one for
$1,250, due in twelve months, one for $1,250, due in two
years, each to bear 7 per cent. interest from date, and pay-
able annually. The $2,500 is to be the said Brown's abso-
lutely; and notes to be signed by the said Wood and Curtis."
So far, the contract related simply to the real estate, but, in
order to cover the personal property, the following stipula-
tions were entered into: "All moneys and demands in the
hands of N. N. Jones, either as agent, sheriff, or receiver, or
in the hands of the Cass Co. Bank, or Dickerson & Wood, or
I. Dickerson, or the clerk of the district court, not applied on
or credited on the judgments against the said Brown, are to
be held for the use of the said Brown and the said Curtis,
except so far as said money may be needed to apply on claims
above $24,000; and Brown is to have two-thirds of same, and
Curtis is to have one-third of same, as per their original writ-
ten agreement. The amount is supposed to be over 1,500." It
turned out, however, that there was nothing in the hands of
any of these parties to be divided between Brown and Curtis.
and that it required four hundred and forty-two dollars in
addition to the twenty-four thousand dollars to pay off the
judgments and incumbrances against the land. At the time
this last contract was entered into, Curtis made no claim
whatever that he was entitled to any part of the two thousand
five hundred dollars that was to go to Brown, but there was an
attempt to give Curtis a part of the personal property. That
failed simply because there was no personal property saved.
The notes in suit represent a part of the two thousand five
hundred dollars agreed to be paid plaintiff by the contract
last above mentioned. In answer, defendants say that the
additional four hundred and forty-two dollars they were
compelled to pay in satisfaction of incumbrances should be
allowed as an offset against the note. This claim seems to

have been allowed by the district court, and, as the plaintiff has not appealed, no further attention need be given it.

Defendant Curtis also pleaded that he was entitled to a credit of six hundred and eighty-five dollars and thirty-three cents in virtue of his original contract for one-third of what was saved, as compensation for his services. To this plaintiff replies that Curtis had only partially performed his contract, and that, being unable or unwilling to comply therewith, the new contract was entered into with the defendant, whereby the former contract between plaintiff and Curtis was entirely superseded. In another division of his answer Curtis pleaded a counterclaim based on a note executed by plaintiff, April 28, 1882, to one Samuel Harlan, due eight months after date. Plaintiff in reply denied liability thereon, denied that defendant was the owner thereof, and also pleaded the statute of limitations. The issues between plaintiff and Wood, administrator of the estate of John H. Wood, deceased, need not be stated, as no complaint is made of the judgment of the trial court thereon.

Defendant Curtis makes no complaint of the finding of the court disallowing his counterclaim on the Harlan note, and the sole question for determination is, was the original contract, by which Curtis was to receive one-third of what he saved for Brown, superseded by the subsequent contract entered into between plaintiff and Curtis and Wood? That is a mixed question of law and fact and as the case is at law, and was tried to the court without a jury, its finding has the effect and force of a verdict, and should not be disturbed in so far as it relates to an issue of fact, unless so clearly against the evidence as to justify the conclusion that it was based on passion or prejudice. *Saar v. Finkin,* 79 Iowa, 61. Had we nothing but the two contracts, unaided by extrinsic evidence, we could not say that the court's finding, that the first contract was superseded by the second, is not sustained. It will be noticed that the second contract pro-

VOL. 111 Ia—35

vides that the two thousand five hundred dollars to be paid Brown was to be his absolutely. This contract was signed by Curtis, and he also signed notes representing the whole of the two thousand five hundred dollars, and made no claim whatever that any part of this two thousand five hundred dollars belonged to him.

To a certain extent the former contract was recognized, for a division of the personal property was provided for "as per their original written agreement." This does not mean that the original agreement was to continue in force, for the whole of the subject-matter thereof was disposed of by the second instrument. While a new party was introduced, plaintiff and defendant were both parties to the new agreement, and it is evident from the fact that it covered the whole subject-matter, that it was intended as a substitute for the original. As everything save the land was divided by the second contract in accordance with the original agreement, the presumption is, that was the only division intended. Had a division of the two thousand five hundred dollars agreed to be paid plaintiff been intended, the contract would not have provided that this amount should go to Brown absolutely, but that the other property should be divided between Brown and Curtis. When a subsequent contract embraces the entire subject-matter of a prior one, the former being the last act of the parties, will be presumed to contain and express the true meaning, even though it be of no higher nature than the original contract. *Baxter v. Downer*, 29 Vt. 412. Aside from this, however, the trial court was justified in finding from extrinsic evidence that the parties intended the second contract to be a substitute for the first, or, at least, that plaintiff so understood it to be, and that defendant Curtis knew, when he entered into the second, that plaintiff so understood it. When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to

suppose the others understood it. Code, section 4617; *Chicago Lumber Co. v. Tibble's Mfg. Co.*, 80 Iowa, 369; *Evans v. McConnell*, 99 Iowa, 326. The finding of the trial court should not be disturbed.—AFFIRMED.