CASE 32—ACTION BY CHAS. J. KUHLING, &C. AGAINST THE LUDLOW LUMBER CO. FOR DAMAGES FOR DEFECTIVE WORK IN BUILDING A HOUSE.—DEC. 8.

# Ludlow Lumber Co. v. Kuhling, &c.

APPEAL FROM KENTON CIRCUIT COURT—JAMES P. TARVIN, CIRCUIT JUDGE.

JUDGMENT FOR PLAINTIFFS AND DEFENDANTS APPEAL. AFFIRMED.

CONTRACT TO CONSTRUCT HOUSE—DEFECTIVE WORK—CLAIM FOR DAMAGES AFTER OCCUPANCY.

The owner of land on which he has contracted to have a house built may recover damages for defective construction, though he pays the contract price, goes into possession, and does not discover the defect till eight months later.

FURBER & JACKSON, ATTORNEYS FOR APPELLANT.

If a building may be accepted by the owner from the contractor or builder after having full opportunity to inspect, or if

it be accepted without opportunity to inspect, and occupied for a period of several months without any objection on the part of the owner, he has then lost his right of action to recover against the contractor for any imperfections in the building.

### CASES CITED.

Morford v. Masten & Ambrose, 6 B. Munroe, 609; Escott & Son v. White, &c., 10 Bush, 173; Taulbee v. Moore, 21 Ky. Law Rep., 378; Short v. Moore, 19 Ky. Law Rep., 1225.

W. A. BYRNE, ATTORNEY FOR APPELLEES.

Upon the trial of this case the jury gave appellees the sum of $338.95, the amount out for repairs, and $200 for depreciation in the value of the property. The court set aside the verdict in so far as it allowed the $200 depreciation in value.

We submit that under the plea and the evidence in this case, after the sum of $338.95 was expended by appellees in repairing the house, still it was not as valuable in the market as it would have been if it had been properly constructed, and appellees should have been allowed to recover this additional value.

### AUTHORITIES CITED.

Morford v. Masten, 6 B. Mon., 609; Escott v. White, 10 Bush, 169; Taulbee v. Moore, &c., 21 R., 378; Short v. Moore, 19 R., 1225; Crooks & Co. v. Dillon, 1 R., 62; E. L. & B. S. R. R. Co. v. Combs, 10 Bush, 392.

OPINION OF THE COURT BY JUDGE PAYNTER—AFFIRMING.

The appellees owned a lot in Ludlow, and, desiring to have a brick house built upon it, they entered into a contract with T. Johnson and others, as partners doing business under the firm name of Ludlow Lumber Company, by which they, in consideration of $2,100, agreed to furnish the material and labor and erect the house according to the plans and specifications. It was completed in October, 1901, when it was turned over to the appellees under representations by the appellants that it had been completed according to the contract. The appellees lived in it until May, 1902, a period of eight months, when they awoke one morning and found the walls of the house badly cracked and out of

plumb; and it cost them several hundred dollars to repair the foundation and house. This action was brought against appellants to recover damages for the defective construction of the house. The defendants sought to avoid a recovery by showing that it had been completed according to the contract, and that the damages resulted from a cause other than defective construction. The verdict of the jury, which was sustained by the court, and upon which the judgment was rendered, allowed the plaintiffs $338.95.

There was a conflict in the testimony, but it was the province of the jury to reconcile it, and, having done so, this court must decline to disturb the finding of the jury upon the question of fact.

The principal reason urged for a reversal is that the appellees accepted the house, and moved into and lived in it for eight months before discovering the alleged defect. Even if there had been a defect in the construction, and they had knowledge of it before moving into the house, that fact would not prevent them from recovering for the breach of the contract. The law on this question is well stated in Morford v. Mastin, etc., 6 T. B. Mon., 609, 17 Am. Dec., 168, in which the court said: "We are unwilling to attach so much importance to the defendants receiving the work. How could he reject it without abandoning his estate on which it was situated? It was already part of his freehold, and he received every part as it progressed. The court seems to have confounded the case of a building on an employer's premises with such jobs of work and labor as a tailor performs in making his garment, the cabinet maker his furniture, or the painter his figures. In these latter cases it is admitted that much depends on the acceptance of the article made, and not objecting to it, and rescinding the contract so soon as the defect is discovered, and that

for a very good reason; because it is necessary to do justice to the mechanic by repossessing him of the article out of which to make his money, instead of keeping both the article and the price. Hence Starkie, vol. 3, p. 1769, says: 'Notwithstanding the universality of the position that performance, when it is the consideration for the payment of the stipulated price, is a condition precedent, yet the conduct of the employer in adopting the contract, when, if he disputed the performance, he had it in his power to rescind it in toto by placing the parties in *statu quo* affords, as against him, a conclusive presumption that the work has been properly executed, or, at all events, excludes the party acquiescing from making the objection. Instances to this effect have already been cited. The principle extends to all cases of executory contracts for works of art to be delivered in a complete State. The party receiving the work under a specific contract must abide by it or rescind it in toto.' But it is well known that such return and such rescinding of a contract is impracticable with regard to a building erected on an employer's own premises. He could not object to the work, and leave it on the hands of the workmen, without conveying away his estate; nor could the mechanic receive or sell it for his own indemnification. Hence the reception—that is, leaving it on his premises not demolished—or even living in it, could not, with any good reason, preclude the employer from making the objection on the trial, as the instruction given supposes." The case of Escott & Son v. White, etc., 10 Bush, 169, is to the same effect. The legal principle announced by these cases was applied by this court in instructions, and, we think, properly so. However, counsel for appellant insists that the principle of the Morford case does not apply, because in that case the defect was discovered before taking possession

of the property and before all of the contract price was paid. The right to recover in that case was not based upon the fact that the defect was discovered before the owner took possession of the property, and because he protested that it was not completed according to the contract. · If it was a fact that the house was defectively constructed when appellees paid the contract price and took possession of the property, a cause of action existed. They did not forfeit their claim against the appellant for damages, because they did not discover that appellant had not built the house according to contract. If the law is that such a discovery must be made in a reasonable time (it is not necessary here to decide that it must be done), the failure to make the discovery before eight months is not an unreasonable time. We are of the opinion that the jury's verdict fixes a proper amount of compensation for appellees; therefore they are not entitled to a reversal on the cross appeal.

The judgment is affirmed on the original and cross appeals.