EDWARD I. BRENT, Appellant, v. HEAD, WESTERVELT & Co., consolidated with BRENT v. G. M. MILLER and BRENT v. J. W. McGREGOR.

**Building contracts:** DAMAGES FOR NONCOMPLIANCE: DEFENSES. A
1 building contractor who undertakes to erect a building at a certain time of the year, and to do the work in a first class manner, will not be heard to say that defects therein are because of the construction at that season, the contract in no way relieving him from protecting the work and material from the inclemency of the weather.

**Same:** WAIVER OF DAMAGES. Neither failure of the owner to take
2 charge of the construction of his building upon discovery of defective work by the contractor, when no such authority is given him by the contractor; nor occupancy under an agreement for future adjustment of damages for known defective construction: nor occupancy without knowledge of defects will constitute a waiver of the right to claim damages for any defects there may be.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH, Judge.

THURSDAY, APRIL 9, 1908.

SUIT to recover a balance due for the construction of certain buildings. The several defendants pleaded counterclaims upon which they were given judgments. The plaintiff appeals. *Affirmed.*

*Douglass Rogers* and *B. I. Salinger,* for appellant.

*Wilson & Albert,* for appellees.

SHERWIN, J.— The defendants were the owners of

adjoining lots in the town of Churdan, Iowa, and in October, 1903, they entered into a written contract with the plaintiff whereby he undertook to erect three buildings, one on each lot, according to the plans and specifications furnished the defendants by their architect.   The contract contained a clause requiring the completion of the buildings by the 20th day of December, 1903, and provided for a forfeiture of five dollars per day after that time unless the delay was the result of inevitable causes.   The buildings were not completed on the 1st day of March, 1904, and at that time the plaintiff and the several defendants entered into a written contract as follows:   " Be it remembered that E. I. Brent, first party, and Head, Westervelt & Co., J. W. McGregor, and G. M. Miller, second parties, do make the following agreement, to-wit:   In consideration of E. I. Brent allowing second parties to occupy their respective rooms he is building for them on lots 1, 2, and 3 in block 9, Churdan, Iowa, before completion, that they will advance to the various claimants for the benefit of the first party all the remaining contract price in their hands except $450, said sum to be held until the buildings are completed, and the claim for damages on the part of G. M. Miller for the imperfect wall on the east side is adjusted. The forfeiture of contractor to owners by reason of the time clause in original contract is hereby waived on and after March 1, 1904.   All work to be done on these buildings just as soon as practicable, and weather will permit."   The defendants went into possession of their respective buildings under said agreement, and thereafter and before these suits were commenced the claim of the defendant Miller referred to in said agreement was submitted to arbitrators, who found and awarded him $160 damages, which sum the plaintiff deposited for his benefit.   The defendant subsequently refused to pay the balance due the plaintiff under the contract, and suits were brought to recover the amount due from each of them.   The defendants answered, admitting the

execution of the original contract and the additional agreement of March 1st, and pleaded counterclaims for damages for defective and improperly constructed buildings. The three cases were afterward consolidated and tried as one, and judgments were rendered for the defendants on their counterclaims as follows: In the Head, Westervelt Co. case, No. 4,895, there was allowed on the counterclaim $656.23, from which the $100 due the plaintiff on the contract with interest was deducted, and a judgment was given the defendants for $548.67. The judgment found Miller entitled to recover $331.70 on his counterclaim in case No. 4,896, and judgment was rendered in his favor for a balance of $62.80. In case No. 4,897 it was found that McGregor was entitled to recover on his counterclaim the sum of $349.26, and he was given a judgment for a balance of $241.70.

There were written specifications for the material and work, and the evidence clearly shows that the plaintiff did not comply therewith either as to the material put into the 1. BUILDING CONTRACTS: damages for noncompliance: defenses. buildings or as to the work done thereon. and that the defendants were seriously damaged on account of such failure on his part. The appellant says, however, that the material defects in the buildings were due to the season of construction and the settling of the foundation, and the plaintiff was chargeable with neither of these. The weight of the evidence refutes the contention; but, if it were to be conceded that the season had something to do with the faulty construction of the foundation, the plaintiff undertook to erect the buildings at that particular season, and to do a first-class job. There was no provision in the contract whereby he was relieved from protecting his work or material from the effects of freezing weather, and he cannot now claim that he should be released from liability because thereof. The evidence conclusively shows that buildings may be safely erected at any season of the year, if proper steps are taken to protect

the material and construction work, and that such is the case is matter of almost common knowledge.

It is further contended that damages for such defects were waived and released because the defendants failed to take charge of the construction of the buildings when it was discovered that the plaintiff was not complying strictly with the condition of the contract; but the contract gave the defendants no such power. It provided only that they might do so upon a failure to prosecute the work diligently, or to employ competent help, and neither of these elements is an important factor for consideration here. Occupying the buildings under the agreement shown was clearly not alone sufficient to show an acceptance and waiver of damages. On the contrary, the agreement itself negatives any claim of the kind, because it expressly provides for the future adjustment of the damages then known to be claimed by Miller. If the other defendants did not then know that the work done for them was faulty, they cannot be held to have waived claim therefor simply because they occupied the buildings before they were fully completed. Moreover the use and occupation alone under the circumstances does not show an acceptance of the work. *Corwin v. Wallace,* 17 Iowa, 374; *Kilbourne v. Jennings,* 40 Iowa, 473. Even defects appearing after an acceptance are not necessarily waived thereby. *Mitchell v. Wiscotta Land Company,* 3 Iowa, 209. It was also competent to show that the agreement of March 1st was not intended as a substitute for the old, or as a waiver of any claim thereunder. *Sioux City S. G. Co. v. Sioux City P. Co.,* 110 Iowa, 396; *Brown v. Curtis,* 111 Iowa, 542.

There is nothing in the record directly tending to show whether the trial court allowed the defendants any sum for the failure to complete the buildings at the time specified, but from the amounts allowed we are inclined to the view that it did not. But in any event the agreement of March 1st

2. SAME: waiver of damages.

did not waive the default occurring before that time. It is satisfactorily shown that Miller suffered damages which arose after the arbitration of the claim referred to in the March agreement, and of which he at that time had no knowledge nor reason to anticipate. We, therefore, think he was not concluded by the agreement or by the arbitration.

The judgment is right and it must be *affirmed*.