## Jackson Lumber & Supply Company v. Deaton.

(Decided May 26, 1925.)

### Appeal from Breathitt Circuit Court.

1. Contracts—Contract to Build Houses to Satisfaction of Owner Means to his Reasonable Satisfaction.—A contract to build houses to satisfaction of person for whom they are built means to his reasonable satisfaction.

2. Contracts—Contract by which Subcontractor of Lumber Company was to Build Houses Construed as to Inspection and Approval.—Subcontract to build houses, providing that work was to be acceptable to owner, and subject to inspection and approval of principal contractor's inspector, meant that inspector should approve work when done in such manner as to be acceptable to owner and subcontractor was to be paid for work when accepted and approved by inspector.

3. Work and Labor—Contractor May Recover on Quantum Meruit, where Defective Work has been Accepted.—Where work has been done under a building contract, but is defectively executed, and persons for whom buildings are erected have accepted and occupied them, contractor may recover on quantum meruit for work he has done, less damages employer has sustained by breach of contract.

4. Work and Labor—Measure of Recovery on Quantum Meruit is Benefit Received.—Measure of recovery on quantum meruit is benefit received, which will be detremined by jury under all the facts.

5. Damages—Measure of Damages, where Work Not Done in Accordance with Contract, Stated.—Ordinarily, difference in value of work done and its value if done according to contract is measure of damages, and, where what has been omitted can be done at a reasonable cost, difference in value will be measured by cost of doing the work, considering contract price therefor.

6. Appeal and Error—Instructions in Action on Building Contract Held Not Substantially Prejudicial.—In subcontractor's action for amount due under building contract, instruction that jury should find for plaintiff reasonable value of work done considering contract price, if done according to contract, and, if this exceeded what he had been paid, then to find for him the balance due, and, if not, to find for defendant, held not substantially prejudicial to defendant.

7. Appeal and Error—Omission of Instruction Held Not Prejudicial, in View of Jury's Finding.—In subcontractor's action for amount due under building contract, failure to charge that, if reasonable value of work which plaintiff did was less than what he had been paid, jury should find for defendant for difference, held not prejudicial, where jury fixed value of work at more than plaintiff had been paid.

J. L. STIDHAM and RYLAND C. MUSICK for appellant.

E. C. HYDEN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The Jackson Lumber & Supply Company made a contract with the Coneva Coal Company to furnish the material and build for it ten miners' houses and one schoolhouse on the property of the coal company. The lumber company then made a subcontract with T. H. Deaton, by which it agreed to furnish the material and he agreed to do the work and was to be paid $180.00 for building each of the miners' houses and $450.00 for building the schoolhouse. Deaton built the houses and thereafter brought this suit against the lumber company, alleging that he had been paid $1,752.47, and praying judgment for the balance of the contract price, $497.53, with interest from August 28, 1920. The lumber company filed an answer denying the allegations of the petition and charging by way of counterclaim that the houses were not built in a good workmanlike manner or in such class of workmanship as was acceptable to the Coneva Coal Company, to its damage in the sum of $1,600.00, for which it prayed judgment. The case was heard before a jury.

They returned a verdict in favor of the plaintiff for $425.00, with 6 per cent interest from the date of the verdict, March 27, 1923. The defendant appeals.

By the written contract Deaton agreed to do all the work necessary for the completion of the buildings "in such form and manner and with such class of workmanship as will be acceptable to the coal corporation." It was further stipulated in the contract that all the work should be done, "in a good and first-class workmanship and workmanlike manner, subject to inspection and approval of first party's inspector, James Bolin."

The proof shows that as each of the houses was completed the coal company took possession of them. The proof for Deaton is to the effect that Bolin accepted the houses, saying that he had done a good job, as good as could be expected with the material furnished. The proof for the defendant is that Bolin did not accept the houses and that they were not built in a manner acceptable to the coal company. Bolin testifies as to what he thought necessary to be done to make the houses satisfactory as follows: "Well there was a lot of ceiling to be gone over, and a lot of quarter rounds to be put, and some windows and doors to be fixed, and some mantels and some grates and some thimbles to be put in the chimneys, and different things, I don't remember just what all. I told Mr. Deaton he and another man or two could do it in two or three days."

A contract providing for the building of houses to the satisfaction of the person for whom they are built, means to his reasonable satisfaction. In 30 Am. Ency. of Law, 1236, the rule is thus stated:

"Building contracts, however, frequently provide that the work shall be performed to the satisfaction of the builder. Such a provision is generally construed as not making the builder's declaration of dissatisfaction conclusive, but as requiring the performance of the work by the contractor in such a manner as ought reasonably to satisfy the builder." To same effect see 9 C. J. 744.

The contract provided that the work should be done with such class of workmanship as would be acceptable to the coal corporation and also provided that it should be done in good and first-class workmanship, subject to the inspection and approval of James Bolin, the lumber

company's inspector. The two clauses must be read together and when so read the contract must mean that Bolin should inspect and approve the work when done in such workmanlike manner as would be acceptable to the coal corporation, and Deaton was to be paid by the lumber company for the work when accepted and approved by Bolin. To read the contract otherwise is to give no force to the last clause of the contract, which was plainly inserted to determine when Deaton was to be paid for the work.

It is well settled that where the work has been done under a building contract but is defectively executed and the person for whom the buildings are erected has accepted and occupied them, the contractor may recover on a *quantum meruit* for the work he has done, less the damages the employer has sustained by the breach of the contract. Morford v. Mastin, 6 T. B. M. 612; Morford v. Ambrose and Martin, 3 J. J. M. 690; Escott v. White, 10 Bush 169; Ludlow Lumber Co. v. Kuhling, 119 Ky. 251; Johnson v. Tackitt, 173 Ky. 406. The measure of recovery is the benefit received and this will be determined by the jury under all the facts. Ordinarily the difference in value of the work done and its value if built according to the contract is the measure of damages, and where what has been omitted can be done at a reasonable cost, the difference in value will be measured by the cost of doing the work, considering the contract price for the work, 9 C. J. 820.

While the instructions of the court were not aptly drawn they were not under the evidence substantially prejudicial to appellant. By the first instruction the court construed the contract for the jury. By the second he told the jury in substance that they should find for Deaton the reasonable value of the work he did, considering the contract price for the work, if done according to the contract, and that if this exceeded what he had been paid they should find for him the balance due and if it did not exceed what had been paid they should find for the defendant. If the plaintiff had recovered the whole amount he sued for he would have gotten a verdict of $497.47 with interest from August 28, 1920. The verdict of the jury in his favor for $425.00 with interest from March 27, 1923, shows that the jury deducted something like a hundred dollars from his claim and plainly this deduction was made upon the testimony of Bolin that he told Deaton the things that he should do and told him

that he and another man or two could do the work in two or three days.

It is earnestly insisted that the court should have told the jury that if the reasonable value of the work which Deaton did was less than what he had been paid, they should find for the defendant on its counterclaim for the difference. But if this instruction had been given it could not have affected the result of the case, for the jury fixed the value of the work at more than he had been paid.

Judgment affirmed.