## Anglin, et al. v. Simpson's Administrator, et al.

(Decided June 14, 1927.)

### Appeal from Boyd Circuit Court.

1. Work and Labor.—Contractor, defectively erecting building, accepted and occupied by employers, may recover on quantum meruit for work done, less damages sustained by breach of contract.

2.  Evidence of defective brick work, window frames, roof, door, etc., in house, agreed to be erected for about $10,000, held to support commissioner's finding of $1,700 damages by breach of contract to erect building according to plans and specifications, as against chancellor's finding of $473.66 damages.

3.  Costs.—where defendants, in open court, tendered settlement of counterclaim at less sum than damages allowed by commissioner, whose finding was sustained on appeal, plaintiffs were not entitled to recover costs accruing after tender.

B. S. WILSON and WILSON & ROBINSON for appellants.

JOHN W. WOODS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

The partnership, Simpson & Elswick, composed of Charles Simpson and W. B. Elswick, the former of whom has since died, contracted with appellants, C. E. Anglin and Hazel Anglin, to furnish the necessary labor and materials, and erect for them a dwelling house at an agreed price of approximately $10,000. Before the work had been completed, appellants moved into a portion of the house, and differences arose between them and the contractors as to whether the house had been built according to plans and specifications. Being unable to settle their differences, the contractors instituted this action to recover $2,142.25, the alleged balance due and to foreclose a mechanics' and materialmen's lien to enforce its collection. By counterclaim and set-off appellants sought to recover $3,000, the alleged damages for failure upon the part of appellees to construct the house according to the contract and to recover the difference over. The action was referred to a commissioner, and a large volume of evidence was taken. The commissioner found and reported that there was a balance of $2,142.25 due the contractors on the contract price, but that appellants, on their counterclaim, should recover from the contractors $1,700 as damages for their failure to construct the house in accordance with the contract, and upon the whole case that the contractors should recover from appellants $442.25. Both parties filed exceptions to the report of the commissioner. Upon consideration, the chancellor sustained the exceptions filed by appellees, and reduced the amount allowed by the commissioner on the counterclaim from $1,700 to $473.66. He sustained the report of

the commissioner, finding that there was a balance of $2,142.25 due on the contract price; and on the whole case gave appellees judgment against appellants for $1,668.59. The appeal is prosecuted from that judgment.

In Jackson Lumber & Supply Co. v. Deaton, 209 Ky. 239, 272 S. W. 717, it was said:

"It is well settled that where the work has been done under a building contract but is defectively executed and the person for whom the buildings are erected has accepted and occupied them, the contractor may recover on a quantum meruit for the work he has done, less the damages the employer has sustained by breach of the contract. Morford v. Mastin, 6 T. B. M. (Mon.) 612 (17 Am. Dec. 168); Morford v. Ambrose and Martin (Mastin) 3 J. J. M. (Marsh.) 930; Escott v. White, 10 Bush, 169; Ludlow Lumber Co. v. Kuhling, 119 Ky. 251 (83 S. W. 634, 26 Ky. Law Rep. 1185, 115 Am. St. Rep. 254); Johnson v. Tackitt, 173 Ky. 406 (191 S. W. 117). The measure of recovery is the benefit received and this will be determined by the jury under all the facts. Ordinarily the difference in value of the work done and its value if built according to the contract is the measure of damages, and where what has been omitted can be done at a reasonble cost, the difference in value will be measured by the cost of doing the work, considering the contract price for the work. 9 C. J. 820."

Other opinions announcing the same rule are Forbes et al. v. Hunter et al. (Ky.) 102 S. W. 246, 31 Ky. Law Rep. 285; Young v. Cumberland County Educational Society, 183 Ky. 625, 210 S. W. 494, 6 A. L. R. 135; Hartford Mill Co. v. Hartford Tobacco Warehouse Co. (Ky.) 121 S. W. 477; Culbertson v. Ashland Cement & Construction Co., 144 Ky. 614, 139 S. W. 792; Cunnungham v. Fischer (Ky.) 48 S. W. 993, 20 Ky. Law Rep. 1167; Short v. Moore (Ky.) 43 S. W. 211, 19 Ky. Law Rep. 1225.

Appellants, who contracted to have the house constructed, were wholly without experience in building and without ability to judge of workmanship or materials. On the representation of the contractors that they could design and build the house without the intervention of an architect and save appellants architect's fees, their plans for the building were accepted, and no architect

was employed. Consequently, the house was built without the supervision of an architect, and greater opportunity was afforded the contractors to work in defective material and to put over slipshod and unworkmanlike methods and workmanship. Having induced appellants to permit them to design the building and to construct it without the supervision of an architect, the contractors were under the greater obligation to live strictly up to the contract. The record discloses that the house built for appellants was defective and below the standards of the contract in a great many particulars. The specifications, among other things, provided: "All brick to be laid true to line, with joints scratched out neatly and plumb at all points, and must be in strictly first-class workmanlike manner," and "carpenter work to be strictly first class in every respect." The evidence of a number of witnesses, among them several skilled mechanics, and photographs of the building on file in the record disclose that the mortar joints are not uniform or approximately so, some being more than twice as wide as others, and that the brick have not been laid true to line. The evidence established that the corners are not true, especially those made where two walls join, and the brickwork of the window sills is severely criticized by the expert witnesses. The brick work as a whole is described by the witnesses as "a rough job." While perhaps the brick walls as constructed will stand as long as if they had been constructed in accordance with the specifications, yet their appearance is such as necessarily must detract materially from the value of the building.

The evidence discloses that the window frames were not properly anchored in the brick work, and were not set plumb and level. Some of them could be slipped out without difficulty. Rain enters the building around some of the window frames. The house was roofed with slate shingles, and the evidence establishes that a large percentage of them are broken. A number of holes have been stopped with a roofing compound. The roof sagged perceptibly in places, and this is due, according to the testimony of the expert witnesses, to the negligent failure of the contractors to brace it properly. The evidence discloses that the floors, both first and second story, are badly out of level. One witness described the second floor as appearing "kinder like a roller coaster." Due to failure to properly support the stairway, the second floor about the terminus of the stairway is badly

sagged, and the evidence discloses that the bathroom door on the second floor had to be sawed off two inches on the knob side so that it could be opened. Competent experts who have examined this house have filled a voluminous record with testimony as to defective workmanship from basement to roof, the details of which need not be set forth at length.

This court's consideration of the record has led to the conclusion that the $1,700 found by the commissioner as the damages accruing to appellants by failure of the contractors to construct this house in accordance with the plans and specifications much nearer represents the difference in value of the house contracted for and as built than the finding of the chancellor. The appellants excepted to the report of the commissioner in this particular only: They previously in open court had tendered a settlement by which they agreed to a less sum in damages for failure to construct the house in accordance with the contract than that allowed by the commissioner, which appellees declined to accept. By their exceptions they insisted that for that reason the appellees should not recover costs accruing after the tender. Entertaining the view that the commissioner's finding as to the amount of damages accruing to appellants by appellees' failure to construct the house in accordance with the contract was correct, and should have been confirmed by the chancellor, we are also of the opinion that the exceptions of appellants should have been sustained to the extent indicated.

For the reasons indicated, the judgment is reversed and cause remanded, with directions that a judgment in conformity herewith be entered.