Hart, J.
The primary question presented may be stated as follows: Where a contractor enters into a written contract with the contractee to furnish the materials and build a house on the land of the latter, by the terms of which contract the unpaid balance of the contract price is not to become due and payable until there has been issued by a mortgage lender, employed by the contractee to finance the building project, an approval certificate as to the construction of the house, and where in the meantime the contractee takes possession of and occupies such house as his property and permanent residence, may such contrac *267 tor maintain a suit to recover the balance of the contract price, notwithstanding there has been no issuance of an approval certificate by such mortgage lender?
In the absence of fraud, bad faith, failure to exercise honest judgment, or a waiver on the part of the contractee, such a stipulation constitutes a condition precedent to the maintenance of an action to recover the sum claimed to be due under the contract. Sweeney v. United States, 109 U. S., 618, 27 L. Ed., 1053, 3 S. Ct., 344; Ahlgren v. Walsh, 173 Cal., 27, 158 P., 748, Ann. Cas. 1918E, 751; Hennessy v. Metzger, 152 Ill., 505, 38 N. E., 1058, 43 Am. St. Rep., 267; Korbly, Recr., v. Loomis, 172 Ind., 352, 88 N. E., 698, 139 Am. St. Rep., 379; Crouch v. Gutmann, 134 N. Y., 45, 31 N. E., 271, 30 Am. St. Rep., 608; Halvorson v. Blue Mt. Prune Growers Co-op., 188 Ore., 661, 678, 214 P. (2d), 986; Zimmerman v. Marymor, 290 Pa., 299, 138 A., 824, 54 A. L. R., 1252; 9 American Jurisprudence, 24, Section 34; Restatement of the Law of Contracts, 448, Section 303. See annotation, 110 A. L. R., 137, 142.
However, where the owner of a building built for him under contract substantially performed accepts and takes possession of it, knowing or having reason to know that the construction is defective or incomplete, such acceptance will be deemed a waiver of such a condition precedent and the contractor will be entitled to recover the amount due under the contract less deductions for deficiencies. Ludlow Lumber Co. v. Kuhling, 119 Ky., 251, 83 S. W., 634, 115 Am. St. Rep., 254. See Brent v. Head, Westervelt & Co., 138 Iowa, 146, 115 N. W., 1106, 16 L. R. A. (N. S.), 801.
This court in the case of Goldsmith v. Hand, 26 Ohio St., 101, 107, very clearly stated the rule as follows:
“We think that where parties have dealt with each other as these parties respectively have in reference to the contract and the mode of its performance, and *268 the owner of the lot has chosen to go into the occupancy and use of the building erected upon it, thereby appropriating to himself the fruits of the contract, he ought, on the plainest principles of justice, to pay for them at the contract price, less such sums for delay, defective work, or inferior materials, etc., as the owner is in equity entitled to have deducted. This view seems to be in accord with the authorities of some of the other states on the subject.”
Besides, the same conclusion as to waiver is reached from a consideration of the specific terms of the contract between the parties in the instant case. Paragraph numbered 9 of the contract provides as follows:
“Final inspection and issuance of an approval certificate or report by the mortgage lender * * * or any use or occupancy of the house by the owner shall be deemed completion of the work to be done hereunder and acceptance thereof by the owner and owner shall thereupon sign a completion certificate. * * * Owner agrees not to move any household or personal effects into the house until contractor receives final payment and turns key over to owner. * * * ”
For obvious reasons the doctrine of waiver has especial significance and application in a building-contract case where the building is constructed upon the premises of the contractee owner. The work on the building, under such circumstances, is such that, even if rejected, the owner necessarily receives the benefit of the contractor’s materials supplied and of the services performed, which situation differs from a case where a chattel is constructed, since the chattel may be rejected or returned to the contractor or furnisher. Since, in the case of a building contract, the owner must receive the benefits of construction, in justice he must pay for what he receives, if he takes possession.
In the instant case, the trial court directed a verdict *269 for the defendants on the ground that the plaintiff did not establish compliance with the condition precedent to its right of recovery. But, since, under the pleadings and evidence, a clear waiver of such condition precedent was shown and a presumption of substantial performance arose, a prima facie case was made for recovery. The motion to direct a verdict should have been overruled. The burden would then be on the defendants to show by way of counterclaim the defects in construction, if any, and the consequent credits to which they were entitled as against the balance remaining unpaid on the contract price.
The judgment of the Court of Appeals is reversed and the cause is remanded to the Common Pleas Court for further proceedings according to law.

Judgment reversed.

Weygandt, C. J., Matthias, Zimmerman, Stewart, Bell and Taft, JJ., concur.