WILLIAM SMITH ET AL. *v.* JACOB L. SMYSER ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—440.]

**Change of Contract.**

  Where there is a departure from the specifications of a contract to make certain improvements looking to securing water power necessary to run a manufacturing plant, but such improvements when completed answered every purpose and were as valuable and substantial as the plan first agreed upon, the contractor is entitled to the contract price.

**Purchaser Not Liable for Rents.**

  When one enters into possession as a purchaser and not as a tenant he is not liable for the rents of the real estate.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 12, 1881.

OPINION BY JUDGE PRYOR:

That there was a departure from the specifications of the original contract by which Lewis Smyser undertook to make certain improvements for the purpose of securing the water power necessary to their manufacturing establishment, located adjacent to the falls of the Ohio river, on the northern side of that stream, admits of but little doubt; but if the improvements made answered every purpose, and were as valuable and substantial as the plan agreed upon,

we see no reason why Lewis Smyser is not entitled to the contract price. At the time the original leasing took place, according to the statement of some one or more of the engineers, it was impossible, or rather impracticable, to make such specifications as could be carried out to the letter, and that changes would necessarily be made was evidently contemplated by both Smith and Smyser.

They both saw the work progress to completion, and no complaint was ever made that the contract was violated, or that the work was worth, upon a quantum meruit, the price agreed upon; but on the contrary the proof conduces to show a plain right on the part of Smyser to his money. The proof may be conflicting, but on the whole case it is evident that Smith was satisfied with the plan and execution of the work, and if living would make no objection. The interference of the government officials prevented a compliance with the contract according to its specifications, and when Smith and Smyser were informed that the plan, if carried out, would obstruct navigation, it necessitated a change that was then made, which affected neither the substantial plan agreed on, nor, if so, did not lessen the value of the labor and improvements made. A change in the contract did not affect the value of the improvements to the owner, and there was no reason for lessening the price as fixed by the contract; nor was there any reason for charging Smyser with a greater sum for rent than the amount fixed by the lease.

In regard to the rents of land in Indiana, and its collection by the Jacob Smyser who was then the administrator of Smith, it appears that the lots of ground from which rents were collected had been given by Smith to Smyser, and the latter, under this parol gift, had made improvements on the lots in the way of buildings, and when renting them out collected the money. He also sold some of the lots, and having received some of the purchase-money, cancelled the contracts of sale and retained what had been paid him. That gift to Smyser was repudiated by the appellants, who are the heirs of Smith, and while they may be entitled to recover the property itself, the appellee, Smyser, having entered not as tenant but as purchaser, or rather as a devisee of the property, will not be required to account for the rents.

The amended petition of July 20, 1874, was filed after the administrator, Jacob Smyser, had settled his accounts, and when the report had been confirmed. He was not a party to that petition, but on the contrary it appears that the process was returned "not

12

found;" but if he had been served the amended petition failed to state a cause of action, and besides, the proof shows, as already indicated, the manner in which he collected the rent. His surety was not liable for rent collected after the death of Smith, and besides, the Indiana administrator expressly disclaims the right of the Kentucky administrator to collect rents, and declines to ratify his acts in the premises, but still asks to have the rent paid over to him. It is certain that the Kentucky administrator had no right as such to collect the rents, but his surety is not responsible therefor.

We have made these suggestions on the merits of the case to prevent any future litigation, although it is manifest the appeal should be dismissed on motion of the appellee, as this is a case for the settlement of the decedent's estate, and the court below should have specified the character of schedule to be made out.

The case, however, should be and is now *affirmed*.

*D. M. Rodman, for appellants.*

*W. P. D. Bush, Andy Barrett, for appellees.*