## Young v. McKenney.

(Decided February 16, 1923.)

### Appeal from Grant Circuit Court.

1.  Partnership—Dissolution—Accounting.—A partnership organized
    for the purpose of carrying on farming, stock raising and dairy-
    ing will not be dissolved upon frivolous and unimportant grounds;
    nor will one of the partners be required to account for small
    items during the existence of the partnership.
2.  Partnership—Dissolution.—A partnership must be dissolved be-
    fore an accounting can be had by a partner, unless unusual cir-
    cumstances exist, such as the failure of the partner to pay over
    partnership funds.

J. J. BLACKBURN and L. M. ACKMAN for appellant.

DICKERSON & HOGAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellant Young instituted this action in the Grant
circuit court against appellee McKenney for a dissolution
of a partnership and cancellation of a rent contract exe-
cuted between them in 1919, to take effect January 1, 1920,
and to continue in force until March 1, 1924, whereby ap-
pellant and appellee were to jointly operate a certain
farm of 250 acres, the property of Young, grow crops of
tobacco and corn, raise stock and conduct a dairy, and di-
vide the profits equally between them. The partnership
agreement is a long typewritten document, setting forth
in detail how the business is to be conducted. Without al-
leging that appellee McKenney was insolvent or unable
for any reason to carry out his part of the partnership
agreement, appellant Young sought a dissolution of the
partnership upon the ground that appellee McKenney
had failed to carry out the contract in several minor and
unimportant particulars and had failed to account to
appellant Young for his part of the proceeds of the part-
nership. The evidence is contained in two volumes of
more than 500 pages. All of the contentions of appellant
are denied by appellee both in the pleadings and by the
evidence.

After the institution of the action in 1921, the appel-
lant continued to recognize the contract and to assist in
carrying it out. In the spring of 1922, he, under the

agreement, designated the portion of land on the farm to be cultivated by appellee McKenney and otherwise assisted in carrying out the partnership arrangement. Following this, appellant filed an amended answer, setting forth the facts that appellant Young had assisted in carrying out the partnership agreement by participating in the work on the farm and in the conduct of the partnership business and had thus condoned the alleged wrong of appellant and estopped himself from further prosecution of the action. The trial court took this view of the case and entered a judgment dismissing the plaintiff's petition, and he appeals.

There are no sufficient grounds alleged in the petition sustained by any evidence to warrant the dissolution of the partnership. It is not every failure of a partner to comply with the terms of a partnership agreement that will authorize a court of equity to dissolve the relation. It has been held, however, that a breach of obligation of the partnership or the willful misconduct of neglect of the obligations involved in the firm or association, furnish grounds for a dissolution. A partner's failure or refusal to comply with the terms of the partnership agreement as to contributing capital or service required for the successful prosecution of the business is one ground for dissolution. The wrongful exclusion of a partner is another cause. And where the partner without the consent of his copartner applies partnership funds to the payment of an individual debt, or collects money belonging to the partnership and appropriates the same to his own use without accounting to his copartner, dissolution may be decreed. 20 R. C. L. 956. A court of equity is very cautious about dissolving partnerships for misconduct, for it is difficult to draw a line indicating what misbehavior, or what degree of misconduct will authorize such decree. Some substantial grounds must be made to appear, else a dissolution will not be decreed. 20 R. C. L. 957; 30 Cyc., p. 650.

It is a rule of general application, though there are some exceptions to it, that one partner cannot maintain an action against another for an accounting so long as the partnership continues but must await a dissolution of such partnership or bring his action for a dissolution thereof, and a settlement of the accounts. The exceptions to this rule are few. One exception exists where there is but one item in controversy, such an action may be maintained but if there be a multiplicity of items such an ac-

counting can be had only after a dissolution. The case must be extraordinary in order to entitle one partner to have an accounting of the affairs of the partnership be-fore dissolution. It is only allowed in cases of great necessity. 30 Cyc., pp. 687, 710 and 711; Page oh Contracts, vol. 3, section 1720; Lord.v. Hall, 102 American State Reports, p. 484.

The facts in this case do not bring it within the foregoing rule entitling one partner to an accounting against another or other persons of a going partnership. There was in fact no sufficient reason for the bringing of this action, and as there was no ground shown for a dissolution the appellant is not entitled to an accounting. This action, however, will not bar appellant's right to have an accounting of all the items mentioned in the petition at a a dissolution of the partnership, for, as the trial court did not acquire jurisdiction of this case to dissolve the partnership, it will not, therefore, be *res judicata* as to the said items.

For the reasons indicated the judgment must be and is affirmed.

Judgment affirmed.