## O'Bryan v. Mengel Company.

(Decided May 1, 1928.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, Fourth Division).

1.  Contracts.—The test applied in determining whether a contract is to be treated as an entirety, or as severable, is the intention of the parties, to be gathered from the object and terms of the contract itself.

2.  Sales.—Contract for the sale of boxes to be used in plaintiff's bottling business, delivery to extend over an extended period and to be made in installments as needed by purchaser, held an entirety; the fact of installment delivery not changing its character, so as to make it divisible into a number of contracts, consisting of the separate orders for boxes as required.

3.  Sales.—Where contract was breached by seller's delivery of boxes of inferior quality, buyers had right to refuse further deliveries, and to terminate the contract so far as it remained unexecuted, or sue for damages and continue contract, and, having elected to insist on performance, they could not, without liability, go into the market and buy a similar product, while the contract to buy from seller all they needed of such product remained in force.

4.  Contracts.—The breach of an entire and indivisible contract in a material particular excuses further performance by the other party, and precludes an action for damages on the unexecuted part of the contract.

5.  Sales.—Where buyers and seller of boxes entered into a contract that buyers would purchase their entire supply from seller, seller was entitled to consider contract breached, and to refuse further performance thereof, where buyers, on complaining that product was inferior, went into the market and purchased boxes from others, but had not elected to consider contract terminted for breach thereof.

6.  Sales.—Where party to a contract, in violation thereof, buys from others, in material amounts, the articles covered by the contract, he thereby enables the other party rightfully to cancel the contract and destroy the benefits thereof to the other, so far as it remains unexecuted.

DAVID R. CASTLEMAN, MATT O'DOHERTY and B. O. KEARNEY for appellant.

HUMPHREY, CRAWFORD & MIDDLETON for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

This is an action to recover damages for breach of contract. It was instituted May 15, 1924, in the Jefferson

circuit court, by P. M. O'Bryan and B. J. O'Bryan, partners, trading as O'Bryan Bros., against the Mengel Company, to recover $3,993.46 damages, with interest from October 1, 1917, for the breach of a written contract entered into by the parties on October 1, 1916. The written contract, as reformed by an agreed judgment, obligated the plaintiffs to buy and the defendant to sell all the boxes required by plaintiffs in their business for the period beginning October 1, 1916, and terminating October 1, 1917. B. J. O'Bryan died while the action was pending, and it was prosecuted by the surviving partner.

O'Bryan Bros. were engaged extensively in the bottling of whisky at the various distilleries in Louisiville, and the boxes were to be there delivered. Performance of the contract was mutually satisfactory during the months of October and November, and part of December. In the latter part of December, 1916, and in January, 1917, plaintiffs complained to defendant's order department that the boxes delivered by it were defective. On February 10, 1917, without the consent of the Mengel Company, the plaintiffs purchased from another box concern a large quantity of boxes of the kind covered by the contract. The plaintiffs were advised by defendant's order department that complaints should be addressed to Mr. Allen, which was done after the purchase of the boxes from the other concern. In the first conference with Mr. Allen, he was advised by Mr. O'Bryan that a purchase of boxes had been made from another company. Allen asserted that the purchase was a breach of the contract, and the Mengel Company would not be bound by it further, relying specifically upon the purchase of boxes from the outside concern as a material breach of the contract. The position thus taken by Mr. Allen was persistently maintained by the Mengel Company, and it refused to recede from it, although the plaintiffs earnestly insisted upon continued performance of the contract.

At the conclusioin of the evidence for the plaintiffs, the court directed a verdict for the defendant, on the ground that the plaintiffs had violated their obligation under the contract, in purchasing a material portion of their box requirements from a rival concern, which precluded them from recovering damages for any subsequent breach of the contract, which was sought in this action. The plaintiffs appeal, insisting that the first

breach of the contract was by the defendant, in delivering defective boxes, which estopped it from relying on the purchase from an outside concern as a breach of the agreement, and did not preclude the plaintiffs from insisting upon full performance of the contract, or from recovering damages for subsequent breaches thereof.

It is earnestly argued that the contract was severable as to each installment ordered under it. The contract was in writing, and obligated the Mengel Company to supply to plaintiffs during the period specified the entire requirements of boxes for their bottling business. It contemplated deliveries in installments as needed and ordered. The test applied in determining whether a contract is to be treated as an entirety, or as severable is the intention of the parties, to be gathered from the object and terms of the contract itself. 13 C. J. sec. 525, p. 561, section 538, p. 567 and section 539, p. 568; Gilmore & Co. v. W. B. Samuels & Co., 135 Ky. 706, 123 S. W. 271, 21 Ann. Cas. 611; Duteil v. Mullens, 192 Ky. 616, 234 S. W. 192, 20 A. L. R. 361.

A single contract for a definite period of time for the successive deliveries of personal property to be paid for as delivered is generally regarded as an entire contract. Indeed, the consideration supporting such a contract is the reciprocal obligations of the parties to make the deliveries and payments required by its terms. The contract in this case was a single instrument, contemplating the purchase of personal property during a fixed period, and the fact that the articles were deliverable in installments as needed did not change its character, so as to make it divisible into a number of contracts, consisting of the separate orders for boxes as required. 35 Cyc. 117; Newton v. Bayless Fruit Co., 155 Ky. 440, 159 S. W. 968; McDonald v. Kansas City B. & N. Co. (C. C. A.) 149 F. 360, 8 L. R. A. (N. S.) 1110. Indeed, the suit is not based upon the orders, which were never accepted, but upon the contract itself, as obligating defendant to accept and fill the orders.

The evidence does not show to what extent the boxes delivered in December and January were defective. It appears that they were not of as good quality or as serviceable as those previously delivered; that some of them seemed to be green and came apart when subjected to heat; but the boxes were not returned, and it is not proven whether a substantial number were defective. If

the record showed the number of defective boxes delivered prior to February 10, 1917, and the difference in the fair value of the boxes delivered and those that should have been delivered under the contract, the plaintiffs doubtless would be entitled to recover damages to that extent. When defective boxes were delivered in any installment, the plaintiffs were at liberty to refuse them and insist upon proper performance then and in the future. If upon notice or demand the defective boxes were not replaced, or the defect made good, then the plaintiffs would have an action for damages for the breach. Williston on Sales (2d Ed.) sec. 467d; North Alaska Salmon Co. v. Hobbs, Wall & Co., 159 Cal. 380, 113 P. 870, 120 P. 27, 35 L. R. A. (N. S.) 501; Minnesota Lumber Co. v. Whitebreast Coal Co., 160 Ill. 85, 43 N. E. 774, 31 L. R. A. 529.

The plaintiffs were further entitled, if they had acted promptly, to refuse further deliveries and terminate the contract, so far as it remained unexecuted. Such termination would not prevent recovery of damages for other breaches of the contract which occurred prior to its termination. Williston on Sales (2d Ed.) sec. 467g; McDonald v. Kansas City B. & N. Co. (C. C. A.) 149 F. 360, L. R. A. (N. S.) 1110; Newton v. Bayless Fruit Co., 155 Ky. 440, 159 S. W. 968.

Plaintiffs were compelled, however, to make an election at the time the situation arose, and, having elected to insist upon performance of the contract, were not at liberty to go out in the market and buy their requirements, while the contract remained in force.

The case of Log Mountain Coal Co. v. White Oak Coal Co., 163 Ky. 842, 174 S. W. 721, does not hold to the, contrary. In that case the contract contemplated a sale of coal for the purpose of resale, and, when coal was not delivered as required by the contract, the measure of damages for the breach was the difference between the contract price and the market price at the time and place of delivery. Under a contract of that sort, it is presumed that the coal could be obtained in the market at the market price, and it was the duty of the purchaser, when delivery was not made, to buy in the open market and supply its customers from that source. The contract in that case did not preclude the purchaser from buying from other sources. The purchaser did not agree to take

all of its requirements from the seller, and the principle announced and applied there has no application to a case of this character.

When the seller tendered in performance of the contract boxes which were not up to the sample, or in accordance with the specifications of the contract, the buyer, on discovery of the defects, could refuse to accept, or recover the damages sustained (Morse v. Moore, 83 Me. 475, 22 A. 32, 13 L. R. A. 224, 23 Am. St. Rep. 783); but he was not at liberty to break the contract himself and at the same time insist upon performance thereof by the seller. No principle in the law of contracts is better settled than that the breach of an entire and indivisible contract in a material particular excuses further performance by the other party and precludes an action for damages on the unexecuted part of the contract. 13 C. J. sec. 694, p. 627; Williston on Contracts, sec. 841; Escott v. White, 10 Bush, 169; Kauffman v. Raeder (C. C. A.) 108 F. 171, 54 L. R. A. 247; Oscar Barnett Foundry Co. v. Crowe (C. C. A.) 219 F. 450; Vincennes Bridge Co. v. Walker, 181 Ky. 657, 205, S. W. 778. In such cases the injured party may consider the contract as ended, himself exonerated from its obligations, and entitled to invoke his remedy for damages.

As this record does not manifest any right to substantial damages sustained prior to February 10, 1917, and it is admitted by the plaintiffs that on that date they purchased from another box concern a material portion of the property which the contract obligated them to buy from the defendant, it is clear that the latter was within its rights in refusing further to perform the contract. The plaintiffs may not recover damages for failure to obtain deliveries under the contract subsequent to their own breach, which had not been waived. While the authorities are in some conflict in some respects, as pointed out by this court in Troy Carriage Sun Shade Co. v. F. A. Ames Co., 201 Ky. 193, 256 S. W. 27, there is practical unanimity among them on the principles we have stated.

In Ten Broeck Tyre Co. v. Rubber Trading Co., 186 Ky. 526, 217 S. W. 345, two distinct installment contracts were involved. Each contract was entire and indivisible, but the two were separate and distinct instruments. It was held, in accordance with the authorities, that the breach of one contract did not justify failure to perform

another one, but it was not held that a breach of a contract would not preclude an action for damage on that particular contract.

In Malone & Co. v. S. H. Stone & Co., 214 Ky. 443, 283 S. W. 407, it was distinctly announced that, where the objection to a particular shipment is a defect in quality ascertainable only after an inspection, the buyer may return the articles and cancel the remaining installments of the contract, if he acts promptly and without delay. In this case the plaintiffs insisted upon performance of the contract by the defendant, and as a result of that election, after the defective boxes had been delivered, the plaintiffs were obligated to complete the contract, and could not disregard it in supplying their requirements. An election, having been made, could not be made again. Williams v. Shepherd, 181 Ky. 535, 205 S. W. 565.

When a party to a contract, in violation thereof, buys from others in material amounts the articles covered by the contract, he thereby enables the other party rightfully to cancel the contract, and destroy the benefits thereof to the other so far as it remains unexecuted. 35 Cyc. 617-619. Since the plaintiffs in this case did not seek to recover damages for defects in the installments delivered prior to February 10, 1917, on which date they committed a material breach of the contract by buying in violation of its obligations, they cannot recover damages because the defendant refused further performance of the contract. For the reasons stated, the court below was right in directing a verdict for the defendants.

The judgment is affirmed.