## Williamson et al. v. Ingram.

(Decided May 10, 1932.)

750

G. R. BLACKBURN for appellants.

E. J. PICKLESIMER and BALLARD BLACKBURN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This is an action for the specific enforcement of a written contract to convey land. The plaintiff asserted a right as assignee of the purchaser named in the contract. The vendors defended on the ground that the original purchaser was in default, and had breached the covenants the contract imposed upon him. The circuit court granted the relief sought, and the vendors have prosecuted an appeal.

The contract concerned about two acres of land located at Coeburn Gap on an improved highway in Pike county. It belonged to Georgia Williamson and her sister, Mrs. Rell West, and Robert Mullins was the purchaser. The consideration was $400, payable in monthly installments of $10 to each vendor, evidenced by promissory notes. The contract contained these provisions:

"It is agreed and mutually understood that said party of the second part is to have immediate possession of said lands as soon as same is ascertained as set out herein, but that he is to forfeit all moneys paid on same and to relinquish the possession of same to the said first parties or either of them by failure to promptly make payment of each note given at the time indicated therein, and to forfeit any and all rights under this contract, and to permit any money paid hereunder to be retained as rental on said land, and to abandon same without demand or notice, and to forfeit to said first parties, any improvements which he may have put upon same.

"It is hereby understood that the premises hereby agreed to be conveyed are not to be used for the sale of intoxicating drinks, nor for storing or manufacturing same nor for any immoral purposes."

Mullins paid ten notes to each of the vendors, and built a small structure on the premises, but he defaulted on the eleventh payment due on June 6, 1927, and in all the subsequent installments. In September, 1927, Mul-

lins expressed a desire for a deed, stating that he would pay the balance of the consideration. A deed was prepared and tendered to Mullins, but he was not able to pay the balance of the consideration. He requested a few days delay, but failed to return, or to make any arrangements. In October, 1927, the appellee, Jack Ingram, who then claimed to have a mortgage from Mullins, offered to pay $200 to the two women if they would make him a deed. He was told that the contract had been forfeited. Mullins had been arrested for violating the liquor laws, which indicated a breach of the covenants of his contract, and the vendors told Ingram that they did not intend to convey the land. It appeared that Mullins had left the state because of prosecutions for illicit liquor dealing on the premises involved. A raid had been made by the sheriff and liquor found on the place, even after Ingram had placed a person in charge, but probably before the assignment of the contract to him.

On March 31, 1928, Mullins assigned the contract to Ingram, and in the following May he filed this action. Mullins was not made a party, but no point was raised in respect to that omission.

An assignee of a contract to convey land is subject to all the defenses that could be interposed against his assignors. 36 Cyc. 759; Frazier v. Broadnax, 2 Litt. 249.

The remedy of specific performance rests in sound judicial discretion, and will not be awarded to one who is himself in default respecting the covenants of the contract. Darnell v. Alexander, 178 Ky. 404, 199 S. W. 17; Cornett v. Ky. R. C. Co., 175 Ky. 718, 195 S. W. 149.

Mullins was plainly the party in default. He had failed to pay punctually according to the terms of his agreement, and he had engaged in an illicit liquor business in violation of his covenants. He had failed to comply with his promises, although the vendors had gone to the trouble and expense of preparing and executing a deed for him. The contract had been declared forfeited before the transfer of the title bond to Ingram, and Ingram was aware of the facts. Obviously, Mullins was in no position to invoke the remedy of specific performance, and his assignee has no better right. The appellants were not put in default at any time.

The powers and processes of a court of equity may not be invoked against persons not in default by the other parties to the contract who have not performed their

own obligations imposed by the contract upon which the action is based. Elliott on Contracts, vol. 3, p. 491; Pearis v. Covillaud, 6 Cal. 617, 65 Am. Dec. 543; Lasher v. Loeffler, 190 Ill. 150, 60 N. E. 85.

Even at law a party who commits the first breach of a contract is deprived of the right to complain of a subsequent breach by the other party. O'Bryan v. Mengel Co., 224 Ky. 284, 6 S. W. (2d) 249.

Since Mullins was not in a position to invoke the remedy of specific performance, it was not available to his assignee. A stream can rise no higher than its source.

The judgment is reversed, with directions to dismiss the action.