## Mayhew v. McGlothlin.

(Decided June 8, 1937.)

WAUGH & HOWERTON for appellant.

PRICHARD & HOLBROOK for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On August 9, 1934, G. H. McGlothlin and George Mayhew entered into a written agreement to operate a partnership dairy on a small farm of the former in Boyd county.

On March 20, 1935, G. H. McGlothlin instituted this equitable action for a dissolution of the partnership and on final hearing it was adjudged that the partnership be dissolved and that the contract entered into between the parties be held null and void and of no force and effect; that the property belonging to the individual members of the partnership and used in its operation be restored to them; and that the remaining property consisting of eight calves and some farm implements, jointly owned, be equally divided if the parties could agree upon a division thereof, but in the event they could not, either party on his motion might have the case referred to the master commissioner to have same sold and the proceeds equally divided between the parties. Mayhew is appealing.

As grounds for reversal, it is argued that appellee did not sustain the allegations of his petition by sufficient evidence to warrant the judgment of the chancellor. It is alleged in substance in the petition that appellant had become indebted to appellee in the sum of $100 which he refused to pay; that the firm would be unable to continue business and that the business could not be properly conducted because of quarrels, dissension, and ill feelings of a serious, grievous, and permanent nature which had arisen without willful misconduct or fault on the part of appellee to such a degree as rendered the continuation of the partnership unprofitable for the partners and unsafe for the firm creditors; that the partners could not agree upon the method of dissolution and liquidation of the partnership affairs, and therefore it was necessary for the court to appoint a receiver to take charge of the firm's property; and dispose of same by proper orders.

By answer appellant traversed the allegations of the petition, setting up in full the partnership agreement, and alleged that he had complied with all the duties and obligations imposed upon him thereby and had conducted the partnership in a careful, prudent, profitable, and husband like manner, and there were no serious differences between the parties and no reason for the dissolution of the partnership.

There was evidence covering all the issues made by the pleadings including the affirmative denials of the answer. It is unnecessary to detail the provisions of the contract or to set out at length the evidence to support the claims of the respective parties. There is evidence that appellant has not conducted the business in a way that was calculated to bring about the best results; that he did not properly feed and care for the dairy cattle, and because of wastefulness or improper use of the feed raised on the farm, it was necessary to purchase additional feed; that the dairy was not kept in a clean and sanitary condition; and that the attention of appellant had been called to this condition by an inspector for the health department, but that the condition complained of had not been corrected. There was also evidence by an expert who had been employed by the partners to make an investigation that the dairy cattle were not being properly fed. Appellee testified that the business was unprofitable and indicated that this was due to the improper methods employed by appellant in conducting the business. He further testified that he had had considerable experience in running a dairy and tried to advise appellant concerning changes in methods that would result in improvement and increase of profits, but that the latter would not heed his advice and assumed a quarrelsome and belligerent attitude. Appellant denied this and alleged that the disagreements between the parties were of trivial consequence and were brought about by undue interference on the part of appellee; that he had properly conducted the business; and that it was profitable.

As a general rule, trifling and minor differences and grievances which involve no permanent mischief will not authorize a court to decree a dissolution of a partnership. Young v. McKenney, 197 Ky. 768, 247 S. W. 964; 20 R. C. L. 958, sec. 182. However, as indicated by the same section in R. C. L. and previous sections, courts of equity may order the dissolution of a partnership where there are quarrels and disagreements of such a nature and to such extent that all confidence and cooperation between the parties has been destroyed or where one of the parties by extravagance, neglect, or willful misconduct dissipates partnership assets or materially hinders a proper conduct of the partnership business. While, as insisted by counsel for

appellant, this court is not bound by the findings of fact of the chancellor, but will review the evidence for itself to determine the correctness of the chancellor's findings, it is equally well established that where there is a conflict in evidence and the chancellor's findings are supported by the evidence or where the mind is left in doubt as to the correctness of the conclusions, the judgment should not be disturbed, and this case calls for the application of that rule and demonstrates the reason for and wisdom of it, since in the hopelessly confused and conflicting state of the evidence it is apparent that if the judgment is not amply sustained by the evidence, such doubt would remain concerning the correctness thereof as would forbid a reversal.

Wherefore the judgment is affirmed.