**Abram ALLEN and wife, Evelyn Allen, Appellants and Cross-Appellees,**

**v.**

**William G. CUMMINGS and wife, Jane Cummings, Appellees and Cross-Appellants.**

Court of Appeals of Kentucky.

May 18, 1973.

As Modified on Rehearing Oct. 3, 1973.

W. Pelham McMurry, Paducah for appellants and cross-appellees.

Albert Karnes, Henry O. Whitlow, Paducah, for appellees and cross-appellants.

STEINFELD, Justice.

This is an appeal from a judgment adjudicating the rights in the dissolution of a partnership between two veterinarians, the appellant and cross-appellee Dr. Abram Allen and appellee and cross-appellant Dr. William G. Cummings. Dr. Allen had been practicing veterinary medicine in McCracken County, Kentucky, since 1965 under the name of Reidland Veterinary Clinic. In March 1966 he engaged Dr. Cummings as an intern and on June 1, 1966, they entered into a comprehensive partnership agreement, with the association to begin at once and to " * * * continue until terminated by the death of either party unless sooner terminated by either party by written notice to the other * * *," as provided in the agreement. They were to become equal partners. It is necessary to discuss only those parts of the contract which are germane to this litigation.

Dr. Allen contributed his inventory of drugs and medication at an agreed value of $2,500 and tools, equipment, vehicles and other personal property which were valued at $7,600. The contract provided that during the second year of the partnership the tools, equipment and vehicles would be appraised, as was done, and that Dr. Cummings would eventually acquire a 50% interest in them by paying Dr. Allen 30% of their appraised value on or before March 31, 1968, and by paying 5% per annum thereafter until he had paid for the 50% interest. Dr. Cummings was given the right, after having paid for the aforementioned items as agreed, to purchase at its fair market value an undivided interest in all the real estate owned by Dr. Allen and his wife, the appellant Evelyn Allen, which was used directly by the partnership. Before the difficulties between the parties arose, Dr. Cummings had paid $3,910 to Dr. Allen, entitling him to a 35% interest in the personal property and a 35% share of the net profits, but he had paid nothing toward the purchase of the real estate.

The agreement required each of the partners to " * * * diligently employ himself in the business of the * * * partnership, and * * * neither of the partners shall engage in any business that will in any way conflict with his required partnership time." On April 2, 1969, Dr. Allen wrote a letter to Dr. Cummings, saying:

> "Per contract pertaining to the partnership between we two parties of the Reidland Veterinary Clinic and the veterinary practice, it is my desire to terminate said partnership contract according to provision therein to the plea of conflict of interest."

Dr. Cummings had bought several farms and Dr. Allen contended that he had devoted his time to outside activities which interfered with the operation of the partnership. This was denied by Dr. Cummings, however, the trial court made findings of fact and conclusions of law pursuant to CR 52.01, among which were:

> "The work by Cummings on his farm was such that it could not be contemplat-

ed by the parties at the time they entered into the contract and was in fact a breach of their contractual relationship justifying Allen's termination of the contract."

Such a finding met the test stated in Young v. McKenney, 197 Ky. 768, 247 S. W. 964 (1923). Appellees argue that the finding was clearly erroneous; we do not find it so and will not disturb it. Mayhew v. McGlothlin, 269 Ky. 184, 106 S.W.2d 643 (1937).

█ The parties make various contentions as to the significance and effect of the letter written by Dr. Allen on April 2, 1969. Dr. Cummings correctly contends that this letter terminated the partnership, but that construction cannot benefit him because of the trial court's finding that he had violated the terms of the agreement. Under KRS 362.305 (1)(d), upon a finding that "(a) partner wilfully or persistently commits a breach of the partnership agreement, or otherwise so conducts himself in matters relating to the partnership business that it is not reasonably practicable to carry on the business in partnership with him * * *," the court, when requested, shall decree a dissolution of the partnership. Here, the court found that Dr. Cummings' neglect of his partnership duties was a breach of the agreement—it rightfully ordered a dissolution of the partnership.

The contract also provided:

"In the case of termination, the terminating partner will not be permitted to have or use an office or business location for the practice of veterinary medicine within a distance of five (5) miles of the partnership place of business for a period of five (5) years, except, however, should the partnership be terminated by the party of the first part before the party of the second part acquires a full fifty per cent (50%) interest, then and in that event, the provision of this

paragraph will not apply to the party of the first part."

Dr. Allen has challenged the court's finding that the transactions between the parties were not recorded or proved with sufficient completeness and accuracy as to permit a detailed accounting; the court's determination that Dr. Allen owes Dr. Cummings $10,000 plus a truck; the refusal to enjoin Dr. Cummings from practicing veterinary medicine at a location and for the period covered by the contract; and the court's failure to award damages to Dr. Allen for Dr. Cummings' breach of the partnership agreement. Dr. Cummings has attacked the court's finding that he breached the partnership agreement as well as the determination that Dr. Allen is not required to convey any interest in the real estate used by the partnership to Dr. Cummings. Both parties ask for a financial accounting of the partnership affairs.

█ Dr. Cummings is entitled to 35% of the partnership personalty valued as follows, and no more. Gerard v. Gateau, 84 Ill. 121, 25 Am.Rep. 438 (1876).

| Personal Property of Partner- | |
|---|---|
| ship | $ 6,000.00 |
| Drug Inventory | 6,786.00 |
| Total Personalty | $12,786.00 |

Dr. Allen owed to Dr. Cummings, on account of fees collected, $81.50; therefore, it appears that the 35% interest of Dr. Cummings at the time of the dissolution was $4,556.60. The trial court found that Dr. Cummings had taken drugs, instruments, and equipment from the partnership inventory valued at $2,128.92. This sum shall be deducted from Dr. Cummings' 35% interest. There is no reasonable basis for the trial court's assigning both the accounts receivable and the accounts payable to Dr. Allen. The accounts payable amounted to the sum of $2,014.27. At the time of the trial, Dr. Allen had collected

on accounts receivable $2,665.14; and $3,900.00 remained to be collected. Both of these accounts as collected and paid shall be charged and credited to Dr. Allen and Dr. Cummings in proportion to their percentage interest in the partnership personalty. The trial court erred in fixing Dr. Cummings' interest at $10,000, as that figure was unsupported by the evidence, and Dr. Cummings, having violated the partnership agreement, is entitled to no damages. KRS 362.335(2)(c)(I); O'Bryan v. Mengel Co., 224 Ky. 284, 6 S. W.2d 249 (1928). The court found that Dr. Allen did not violate the agreement, however, there was insufficient proof on which an award of damages could be made in favor of Dr. Allen.

 Dr. Cummings opened an office and practiced veterinary medicine within the time and distance mentioned in the noncompete section of the contract. He requested that Dr. Allen be prohibited from competing with him, and Dr. Allen sought an injunction to stop Dr. Cummings. Neither one was entitled to that relief. There is nothing in the contract to prohibit competition by Dr. Cummings, the non-terminating partner. Dr. Cummings had not acquired " * * * a full fifty per cent (50%) interest * * *." Furthermore, he had violated the agreement and brought about the dissolution, therefore, he cannot benefit by the contract. " * * * a party to a contract cannot breach it and, being in default, thereby secure for himself some right or advantage to the detriment of the other party, who is not in any default." Miles v. Proffitt, Ky., 266 S.W.2d 333 (1954); 17A C.J.S. Contracts § 458, p. 591.

On the appeal the judgment is affirmed in part and reversed in part for the entry of a judgment consistent herewith. On the cross-appeal the judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.